IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | Cr. No. C-89-303 (1) |
| | § | |
| ARTURO CANTU-RIVERA. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR REMISSION OF FINE**

Pending before the Court is Arturo Cantu-Rivera's "Motion for Remission of Fine,

Or, Pursuant to 18 U.S.C.A. § 3572(d)(1)(3), Request the Court To Impose Its Judicial

Function By Determining a Detailed Amount and Schedule of Payment Plan." (D.E. 109).

When Cantu-Rivera was sentenced on June 14, 1990, the Court imposed a $15,000

fine.  The following exchange then took place between defense counsel and the Court:

> MR. DIAZ: ... If I may address the Court, respectfully, on the
> $15,000 fine, I think No. 63 of the PSI says that there is no way
> that my client could pay a fine in this case, Your Honor, and
> $15,000 –
>
> THE COURT: There may be no present way, but that doesn't
> mean that over the course of the five years after release that a
> man of a college education cannot avail himself of the funds to
> pay.  It's not due except as a condition of his supervised
> release term and he may pay it in equal annual installments
> over the course of the supervised release term, which would be
> $3,000 a year.

(D.E. 68, 69; D.E. 96, Sentencing Transcript ("S. Tr." at 3).  Cantu-Rivera did not appeal

his sentence or conviction.

On December 15, 1992, Cantu-Rivera filed a document titled as a "Motion to Correct An Inaccurate Presentence Report." (D.E. 89). The Court denied the motion, and Cantu-Rivera appealed. (D.E. 91, 93). The appeal was subsequently dismissed for want of prosecution, based on Cantu-Rivera's failure to timely file his brief. (D.E. 97). On March 6, 1997, the Clerk received a motion from Cantu-Rivera requesting that the imposition of the fine in his judgment be remitted. (D.E. 98). After ordering the government to respond (D.E.

99), and reviewing both its response and a reply by the Cantu-Rivera (D.E. 100, 101), the Court denied the motion. (D.E. 102). The order explained: "The Court has no jurisdiction to reduce a sentence, including a fine." (D.E. 102). Cantu-Rivera appealed from that order and again, his appeal was dismissed for want of prosecution. (D.E. 103, 104).

On May 10, 2004, Cantu-Rivera filed a second motion for remission of fine, now pending before the Court. (D.E. 109). In this motion, he requests that the Court either remit his fine in its entirety, or reduce it significantly. (D.E. 109). On June 27, 2005, Cantu-Rivera wrote to the Court to update his address and to inquire about the status of his May 10, 2004 motion. (D.E. 115).

As previously noted by the Court in its first order denying Cantu-Rivera's motion to remit his fine, this Court does not have the authority to remit or waive the fine, absent a motion by the government. See, e.g., 18 U.S.C. § 3572(c); 18 U.S.C. § 3573; Cf. United

2

States v. Cantu-Rivera, 2005 WL 1130311(5th Cir. 2005).[1]  The government has not made

such a motion here.

To the extent that Cantu-Rivera seeks a change in his payment schedule, the motion

is DENIED AS MOOT for the reasons discussed below.  While the Court may not suspend

payments entirely or remit the fine, the Court could alter the payment schedule for the fine

because it was to be paid in installments.[2]  In Cantu-Rivera's case, however, the judgment

is clear that the installment payments were not to begin **_until he began his supervised_**

**_release term._**  (D.E. 69; see also S. Tr. at 3).  Put differently, the Bureau of Prisons should

not have been collecting any money toward the fine imposed by this Court.  Such monies

were not to be collected until the beginning of Cantu-Rivera's supervised release term.

In the course of deciding Cantu-Rivera's motion, the Court requested that the United

States Probation Office investigate whether the BOP was collecting fine payments in this

case.  According to the information provided by that office, the BOP had required Cantu-

Rivera to make payments both toward the fine imposed by this Court and toward the $1

million fine imposed by the court in H-89-204(3).  See supra note 1.  The Court has learned

_____

[1]  The cited decision was an appeal in a separate criminal action against Cantu-Rivera, United States
v. Cantu-Rivera, Case No. 4:89-cr-204(3)(S.D. Tex 2005).  On appeal, the Fifth Circuit affirmed District Judge
Sim Lake's denial of Cantu-Rivera's motion for remission of the $1 million fine imposed against him in the case.
Cantu-Rivera, 2005 WL 1130311 (5th Cir. 2005).

[2]  Such an order could issue upon a showing by Cantu-Rivera that he has suffered a "material change"
in his economic circumstances that affects his ability to pay the fine. 18 U.S.C. § 3572(d)(3).  See also Williams
v. United States, 120 Fed. Appx. 284, 2005 WL 139177 (10th Cir. 2005).

3

that collection of fine payments in this case ceased after Cantu-Rivera was moved to FCI

Forrest City, Arkansas, where this Court's judgment was interpreted correctly.

In light of this information, it appears that the relief sought by Cantu-Rivera has been

afforded him.  That is, he is not being required to make payments toward the fine in this

case.  Accordingly, no change in payment schedule is required.  His annual installment

payments will begin, as ordered by the Court, when his supervised release term begins.

For the foregoing reasons, Cantu-Rivera's motion (D.E. 109) is DENIED.


ORDERED this 2nd day of August, 2005.



_____
HAYDEN HEAD
CHIEF JUDGE

4